UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-9172-DMG (GJSx)** | Date | July 15, 2021 |
|---|---|---|---|
| Title | *James Shayler v. B-K Inglewood Property, LLC, et al.* | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT [33]**

On October 6, 2020, Plaintiff James Shayler filed his Complaint against Defendant B-K Inglewood Property, LLC. [Doc. # 1.] B-K Inglewood Property owns the property where the business Continental Currency is located, at 2401 W. Manchester Blvd., Inglewood, CA 90305. Compl. at ¶¶ 2-3. The Complaint alleges that B-K Inglewood Property violated the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act by failing to adhere to the ADA and California Building Code requirements for the business' one accessible parking space and route of travel from the parking space to the business entrance. *Id.* at ¶¶ 16-21. Shayler sought injunctive relief under the ADA, statutory damages under the Unruh Act, and attorneys' fees under both. *Id.* at Prayer for Relief. Because the Court has since declined to exercise supplemental jurisdiction over Shayler's Unruh Act claim, statutory damages are no longer available in this action. [Doc. # 13]; *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III."). On March 2, 2021, the Court dismissed the Complaint, with leave to amend, for lack of standing and denied an earlier MDJ, without prejudice. [Doc. # 19.]

Plaintiff filed his First Amended Complaint ("FAC") on March 12, 2021, adding Defendant Continental Currency Services, Inc. as a Defendant. [Doc. # 20.] Despite being served with the FAC and summons, neither Defendant has appeared in this matter. The Clerk entered default against both Defendants on May 18, 2021. [Doc. ## 30, 31.] Plaintiff now applies for default judgment. [Doc. # 33.] For the reasons discussed below, the Court **GRANTS** Plaintiff's application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-9172-DMG (GJSx)** | Date | July 15, 2021 |
|---|---|---|---|
| Title | ***James Shayler v. B-K Inglewood Property, LLC, et al.*** | Page | 2 of 4 |

# I.
# DISCUSSION

**A.     Federal Rule of Civil Procedure 55(b)(2), Local Rule 55-1, and the *Eitel* Factors**

Plaintiff has complied with the procedural requirements applicable to default judgments. *See* Fed. R. Civ. P. 55(b)(2); C.D. Cal. L.R. 55-1; Hakimi Decl. at ¶¶ 2-8 [Doc. # 33-4]. He has also shown that the *Eitel* factors weigh in favor of entering a default judgment against Defendants. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). In *Eitel*, the Ninth Circuit set forth a number of factors that courts may consider when evaluating a default judgment motion: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* at 1471–72.

Plaintiff will be prejudiced without a default judgment—no other enforceable form of relief against Defendants exists at this stage of the proceedings. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Plaintiff has submitted a well-pleaded FAC, and since default has been entered, the Court presumes that Plaintiff's allegations are true. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("[U]pon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

Plaintiff alleges numerous physical ailments which result in weakness in his legs, significant pain, and limited use of his left arm and hand. FAC at ¶ 1. He generally relies on a cane or walker for mobility, and at times requires a walker or cannot walk at all. *Id.*; Shayler Decl. at ¶ 4 [Doc. # 33-2]. He went to Defendants' business and property twice in December 2018 and September 2019 and claims that no accessible parking or paths to enter the business were available. *Id.* at ¶¶ 13-20. Plaintiff alleges that the inaccessible parking and paths caused him difficulty, humiliation, and frustration. *Id.* at ¶ 23.

These allegations, taken as true, are sufficient to support Plaintiff's ADA cause of action. He is a physically disabled person under the ADA. *See* 42 U.S.C. § 12102(2)(A). The business qualifies as a public accommodation under the ADA. *See id.* § 12181(7)(B). Plaintiff personally encountered barriers to his access—improperly marked parking spot, accessible parking space located too far from the business, excessive slopes and uneven surfaces on the path of travel, lack of adjoining access aisle, lack of required signage, lack of accessible route of travel to enter the business, and lack of a ramp at the front door of the business, which qualify as actionable physical

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-9172-DMG (GJSx) | Date | July 15, 2021 |
|---|---|---|---|
| Title | *James Shayler v. B-K Inglewood Property, LLC, et al.* | Page | 3 of 4 |

barriers under the ADA. *See* 36 C.F.R., Part 1191, App. B §§ 206, 208, 216; App. D §§ 303, 403, 404, 502. The Court does not find, however, violations of the California Building Code actionable under the ADA. *See Johnson v. Cala Stevens Creek/Monroe, LLC*, 401 F. Supp. 3d 904, 913 (N.D. Cal. 2019) (concluding there is "no basis for treating a violation of the California Building Code as a *per se* violation of the ADA").

The sum at stake is relatively modest, as Plaintiff seeks only attorneys' fees and will file a motion for attorneys' fees after judgment is entered in this case. It is unclear why Plaintiff did not submit his request for fees in conjunction with his MDJ, as most ADA litigants do. Nonetheless, there is no possibility of a dispute concerning the material facts of the case because the well-pleaded factual allegations are presumed to be true. In addition, Plaintiff has submitted his own declaration, a declaration from an investigator, and supporting photographs of the exterior of the property and parking area during the relevant time period. Shayler Decl. [Doc. # 33-2]; Friedlander Decl. [Doc. # 33-3]; MDJ, Ex. 12 [Doc. # 33-6]. Moreover, the procedural history of this case weighs against a finding of excusable neglect, given that Defendants have chosen not to appear. Lastly, Defendants' failure to meaningfully participate in this action renders a decision on the merits impractical.

Given the foregoing, the Court concludes that the entry of default judgment against Defendants on the ADA claim is appropriate.

"[I]njunctive relief is proper when architectural barriers at defendant's establishment violate the ADA and the removal of the barriers is readily achievable." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1015 (C.D. Cal. 2014) (holding that "[t]he standard requirements for equitable relief need not be satisfied when an injunction is sought to prevent the violation of a federal statute which specifically provides for injunctive relief" (quoting *Moeller v. Taco Bell Corp.*, 816 F. Supp. 2d 831, 859 (N.D. Cal. 2011)). For the reasons stated above, Plaintiff may obtain an injunction compelling Defendants to provide ADA-compliant parking and paths to enter the business.

## II.
## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's MDJ on his ADA claim. The Court will enter judgment in favor of Plaintiff and against Defendants. Defendants are hereby ordered to provide accessible parking and paths to enter the business located at 2401 W. Manchester Blvd., Inglewood, CA 90305, in compliance with the ADA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-9172-DMG (GJSx) | Date | July 15, 2021 |
|---|---|---|---|
| Title | *James Shayler v. B-K Inglewood Property, LLC, et al.* | Page | 4 of 4 |

The July 16, 2021 hearing is **VACATED**.

**IT IS SO ORDERED.**