UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-9172-DMG (GJSx)** | Date | August 30, 2021 |
|---|---|---|---|
| Title | *James Shayler v. B-K Inglewood Property, LLC, et al.* | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [36]**

On October 6, 2020, Plaintiff James Shayler filed his Complaint against Defendant B-K Inglewood Property, LLC. [Doc. # 1.] B-K Inglewood Property owns the property where the business Continental Currency is located, at 2401 W. Manchester Blvd., Inglewood, CA 90305. Compl. at ¶¶ 2-3. The Complaint alleges that B-K Inglewood Property violated the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act by failing to adhere to the ADA and California Building Code requirements for the business' one accessible parking space and route of travel from the parking space to the business entrance. *Id.* at ¶¶ 16-21. Shayler sought injunctive relief under the ADA, statutory damages under the Unruh Act, and attorneys' fees under both. *Id.* at Prayer for Relief. Because the Court has since declined to exercise supplemental jurisdiction over Shayler's Unruh Act claim, statutory damages are no longer available in this action. [Doc. # 13]; *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III."). On March 2, 2021, the Court dismissed the Complaint, with leave to amend, for lack of standing and denied an earlier MDJ, without prejudice. [Doc. # 19.]

Plaintiff filed his First Amended Complaint ("FAC") on March 12, 2021, adding Defendant Continental Currency Services, Inc. as a Defendant. [Doc. # 20.] The Clerk entered default against both Defendants on May 18, 2021. [Doc. ## 30, 31.] The Court granted Plaintiff's application for default judgment on July 15, 2021. [Doc. # 35.] Plaintiff now moves for attorneys' fees and costs. [Doc. # 36.] For the reasons discussed below, the Court **GRANTS in part** Plaintiff's motion.

**I.
DISCUSSION**

Under the ADA, prevailing parties are entitled to recoup reasonable attorneys' fees. 42 U.S.C. § 12205. Normally, parties obtaining default judgments who seek attorneys' fees must adhere to the attorneys' fee schedule laid out in the Central District's Local Rule 55. In civil rights

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-9172-DMG (GJSx)** | Date | August 30, 2021 |
|---|---|---|---|
| Title | ***James Shayler v. B-K Inglewood Property, LLC, et al.*** | Page | 2 of 4 |

cases, however, if the prevailing party submits a written request for fees in excess of the amount the schedule sets, district courts are "obliged to calculate a reasonable fee in the usual manner, without using the fee schedule as a starting point." *Vogel v. Harbor Plaza Ctr.*, 893 F.3d 1152, 1159 (9th Cir. 2018) (internal quotations omitted). Plaintiff has submitted such a request here. *See* Hakimi Decl. at ¶ 12, Ex. 1 [Doc. # 36-2].

District courts have a duty to "ensure that claims for attorneys' fees are reasonable." *Vogel*, 893 F.3d at 1160 (courts must calculate this amount, called the lodestar, "by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.") (internal quotes omitted). Here, Plaintiff's counsel seeks $13,237 in attorneys' fees, and $672 in costs, for a total of $13,909.

Courts must examine an attorney's "experience, skill, and reputation" in gauging whether an hourly rate is reasonable. *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995). Two of Plaintiff's lawyers, Mr. Hakimi and Mr. Shahriari, request $495 per hour as they have been in practice since 2003 and 2002, respectively, and they have extensive knowledge and experience litigating ADA cases "as reflected in the public record." Hakimi Decl. at ¶¶ 13, 14. Hakimi does not point, however, to specific cases that either he or Shahriari have litigated to favorable outcomes, and it is not incumbent upon this Court to scour the "public record." Based on the information provided, the Court determines that $425 per hour is a reasonable rate for attorneys with Hakimi's and Shahriari's years in practice to charge for litigating formulaic cases of this nature.

Plaintiff's counsel has provided even less information regarding the qualifications of Hakimi's more junior associates. Plaintiff's counsel has informed the Court that Ms. Steven and Mr. Wilson have been in practice since 2013 and 2019 and seek an hourly rate of $425 and $295, respectively. Hakimi Decl. at ¶¶ 15, 16. Plaintiff's counsel provides no information regarding Steven's or Wilson's experience or success ligating ADA cases. Nonetheless, given the Court's considerable experience with awarding attorneys' fees in ADA cases involving similar issues and efforts by attorneys, the Court determines that $325 per hour is a reasonable rate for an attorney with Steven's years in practice, and $250 per hour for an attorney with Wilson's years in practice, for cases of this nature.

Counsel's billing records reveal that Shahriari spent 10.8 hours on this case. Hakimi Decl., Ex. 1 [Doc. # 36-4]. Considering the frequency with which Shahriari files nearly identical complaints on behalf of the same Plaintiff and other individuals and the formulaic nature of his filings, the Court finds these hours are unreasonable. The 0.6 hours he spent reviewing data points and law related to the case is reduced to 0.2. The 3.6 hours he spent reviewing his investigator's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-9172-DMG (GJSx)** | Date | August 30, 2021 |
|---|---|---|---|

| Title | ***James Shayler v. B-K Inglewood Property, LLC, et al.*** | Page | 3 of 4 |
|---|---|---|---|

work, reviewing and identifying code violations, and preparing the complaint is block-billed and excessive, and is reduced to 1 hour. The 1.8 hours he spent finalizing the complaint and supporting documents is duplicative, and "filing" the lawsuit need not have been performed by a partner. This time is therefore reduced to 0.8 hours.

Shahriari bills twice for calendaring the default judgment application and preparing a default judgment warning letter to Defendants: first on December 29, 2020 (0.3 hours for both activities), then in entries on May 18, 2021 (0.2 hours for calendaring the default judgment application) and on May 24, 2021 (0.2 hours for preparing a default judgment warning). The December 29, 2020 billing entry appears to be related to preparation of Plaintiff's first Motion for Default Judgment, which the Court denied when it *sua sponte* dismissed Plaintiff's complaint for failure to allege facts supporting standing to bring his ADA claim. [*See* Doc. # 19.] The Court will not allow Plaintiff to recover attorneys' fees for the preparation of the first Motion for Default judgment, which was denied because of Plaintiff's counsel's inadequate pleading. The Court therefore reduces the December 29, 2020 entry to 0 hours.

Counsel's billing records reveal that Hakimi spent 13.6 hours on this case. Hakimi Decl., Ex. 1. The 1.1 hours Hakimi spent reading the complaint and property records—apparently reviewing his partner's work—is duplicative and excessive, and is reduced to 0.2 hours. For the reasons discussed above, the 5.1 and 2.8 hours spent preparing and finalizing Plaintiff's first Motion for Default Judgment are reduced to 0.3 hours.[1] Likewise, the 0.2 hours spent reviewing the Court's Order denying the first Motion for Default Judgment are reduced to 0 hours. The 3.7 hours Hakimi spent preparing the second Motion for Default Judgment were block-billed and excessive, and are reduced to 2.5 hours.

Based on the rates and hours outlined above, the Court awards Plaintiff $5,275 in attorneys' fees. Plaintiff also seeks $672 in costs: $402 for the filing fee, $30 for service, and $240 for the investigator's fee. Costs for expert reports are customarily charged to clients in this legal community in accordance with Section 505 of the ADA. *See* 42 U.S.C. § 12205; *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002) ("Congress included the term 'litigation expenses' in order to authorize a court to shift costs such as expert witness fees, travel expenses, and the preparation of exhibits."). Expenses associated with filing and serving documents are also customarily awarded. But because Plaintiff did not provide any invoices from investigators or service fees, the Court declines to award reimbursement of those charges. The Court therefore awards only the fixed filing fee of $402.

---

[1] The Court attributes the 0.2 hours Hakimi spent speaking with the investigator on January 26, 2021, and the 0.1 hours he spent reviewing the Court's procedures, to this MDJ and not the earlier MDJ. The Court therefore allows Plaintiff to recover for these fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-9172-DMG (GJSx)** | Date | August 30, 2021 |
|---|---|---|---|
| Title | ***James Shayler v. B-K Inglewood Property, LLC, et al.*** | Page | 4 of 4 |

## II.
## CONCLUSION

In light of the foregoing, the Court **GRANTS in part** Plaintiff's Motion for Attorneys' Fees.  The Court awards Plaintiffs $5,677 (consisting of $5,275 in attorneys' fees and $402 in litigation costs) in favor of Plaintiff and against Defendants.

**IT IS SO ORDERED.**